Possession
of stolen pro-
perty, not suf-
ficient proof
to convict on
a charge of
larce'y, where
the circum-
stances are
doubtful, and
good charac-
ter is shown.
The People *vs.* Mary A. Turrell. *Petit Larceny.*

MARY A. TURRELL was indicted for stealing one black gown, one cambric muslin gown, lace ruffles, &c.; the property of Ann Johns, a colored woman. She was a young woman of very interesting appearance, was born and brought up in Dutchess County, and came to New-York about one year ago.

It appeared, by the testimony given by the prosecutor and other witnesses upon the trial, that Ann Johns lived in Nassau-street, and was taken sick with the yellow fever, and was sent by the Board of Health to Kip's Bay. After she had recovered and returned to the city, she found her trunk, that contained her wearing apparel, broken open, and the articles charged in the indictment taken out of it. Upon inquiry and search being made, they were found in the possession, and upon the person of the prisoner. They were given up, and the prisoner arrested, taken to the police, examined, and committed for trial.

NEW-YORK, Sept. 1822.

The People *vs.* Mary A.Turrill.

*Vide,* the case of Peter Mead, supra, p. 36.

She accounted for the possession of the articles in the following manner : She said a colored man by the name of Orchard, who had the care of the prosecutors trunk and valuables, and who lived in the house she had left, gave them to her, telling her they belonged to his wife. This man's present place of residence was not known, either by the prosecutor or the prisoner; nor had any measures been taken by either to find him.

*Price* and *M'Euen* for the prisoner, offered to prove that she sustained a good character ; that she was well known in the city, and was never the subject of a criminal prosecution before.

*The Recorder observed :* "That from all the circum-
" stances of the case, the safest way would be for the jury
" to acquit : The articles, it is true, were found upon
" her, and it is equally true, that the explanation she has
" given how she came by them, is not entirely satisfacto-
" ry to the Court ; we believe before this charge her char-
" acter was good, and she ought certainly to have the ben-
" efit of it at this time and in such a case ; the case to
" say the least of it, is very doubtful from the evidence
" in support of the indictment, and which is made still

"more doubtful by the good character of the prisoner."
The Jury acquitted her without retiring from the box.